UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: _____

| | |
|---|---|
| John Baltz,<br><br>         Plaintiff,<br>v.<br><br>U.S. Bancorp d/b/a U.S. Bank,<br><br>         Defendant. | **COMPLAINT**<br><br>**WITH JURY TRIAL DEMAND** |

## JURISDICTION

1. Jurisdiction of this Court arises under 15 U.S.C. § 1681 *et seq*.

## PARTIES

2. Plaintiff John Baltz is a natural person who resides in the City of Boca Raton in the State of Florida.

3. Defendant U.S. Bancorp d/b/a U.S. Bank National Association (hereinafter "Defendant U.S. Bank") is a national association and is regulated by the Office of the Comptroller of the Currency. Defendant has a registered office address of 601 Second Avenue, Minneapolis, MN 55480. Defendant is a "furnisher" as described at 15 U.S.C. §1681s-2b et seq.

## FACTUAL ALLEGATIONS

4. In May of 1988 Plaintiff was 17 years old.

5. In May of 1988 Plaintiff's great aunt Mary K. Patterson (hereinafter referred to as "Patterson") applied for an individual credit card account with Defendant.

-1-

6.  Defendant processed Patterson's individual credit application, granted her credit and opened account number 5415 6805 0109 2818 (hereinafter referred to as "account") in her name alone.

7.  Plaintiff did not participate in this credit application as he was a minor.

8.  At some point subsequent to May of 1988 Patterson contacted Defendant and requested to add both Plaintiff and his brother Patrick Baltz as authorized users on the account ending in 2818.

9.  Defendant agreed and issued separate credit cards for Patrick and Plaintiff.

10. Plaintiff, Patterson and Patrick Baltz used the card over the next several years and Patterson made the payments to Defendant.

11. Defendant only sent account statements to Patterson in her name only and to her address in Roseville, Minnesota.

12. Plaintiff has never lived in Roseville, Minnesota.

13. Upon information and belief, Defendant reported the account as being an individual account of Patterson's to the national credit reporting agencies.

14. Upon information and belief, Defendant did not report the account as belonging to being associated with Plaintiff to the national credit reporting agencies.

15. In 1995 Patterson fell behind on her personal financial obligations and she filed for bankruptcy.

16. Patterson included the account in her bankruptcy.

17. Patterson's debts including the Defendant's account were discharged by the United States District Court – District of Minnesota.

18. After Patterson's bankruptcy filing, Defendant illegally altered or changed the account records and put the account in the name of Plaintiff.

19. Upon information and belief, at or near this time Defendant began to report the account information to the national credit reporting agencies for the first time as belonging to Plaintiff and inaccurately asserting the account was an individual account opened by him in May of 1988.

20. In or about June of 2005, Plaintiff and Patterson began to dispute the appearance of the account on Plaintiff's credit profile with Defendant directly.

21. On June 28, 2005 Defendant sent to Plaintiff and Patterson a letter which admitted that Defendant did not know how, when or under what circumstances Plaintiff was added to the account.

22. Over the next several months Plaintiff and Patterson attempted to get Defendant to remove Plaintiff's name from the account to no avail.

23. In September, 2010, Plaintiff sent a 15 U.S.C. §1681i dispute letter to the credit reporting agencies complaining of the false and inaccurate U.S. Bank tradeline that was reporting the account as belonging to him.

24. Attached to his dispute letter Plaintiff included the June 28, 2005 proof letter from US Bank that demonstrated that Defendant did not have evidence to back up how, when and under what circumstances Plaintiff was added to the account.

25. Experian responded on October 5, 2010 to Plaintiff's dispute stating Defendant had verified the account was his individually, opened in May 1988 and now was

reporting it as being discharge through bankruptcy chapter 7 that was filed on October 4, 2010.

26. Plaintiff has never filed for bankruptcy.

27. Equifax responded on September 30, 2010 to Plaintiff's dispute stating Defendant had verified the account was his individually, opened in May 1988 but reported nothing about bankruptcy.

28. Trans Union responded on October 5, 2010 to Plaintiff's dispute stating Defendant had verified the account was his individually, opened in May 1988 and now was reporting it as being discharge through bankruptcy chapter 7.

29. Defendant failed to conduct a reasonable investigation into Plaintiff's account responsibility dispute on all three occasions it was called upon to do so by the national credit reporting agencies.

30. To date, Defendant U.S. Bank is still falsely and inaccurately reporting the account as Plaintiffs and has not updated the tradeline to show the account as being "disputed" in violation of 15 U.S.C. § 1681s-2(b).

## TRIAL BY JURY

31. Plaintiff is entitled to and hereby demands a trial by jury. U.S. Const. Amend. 7. Fed. R. Civ. P. 38.

## CAUSES OF ACTION

### COUNT I.
### VIOLATION OF THE FAIR CREDIT REPORTING ACT –
### 15 U.S.C. § 1681, ET SEQ.

32. Plaintiff incorporates by reference paragraphs 1 through 31 as though fully stated herein.

33. Defendant U.S. Bank's conduct in falsely stating that Plaintiff had been past due, that he had made late payments on the U.S. Bank account, and ignoring its duty to fully investigate disputes when notified by a credit reporting agency per 15 U.S.C. §1681i was intentional.

34. Defendant U.S. Bank's conduct in violation of 15 U.S.C. § 1681s-2(b) caused Plaintiff expenses in the form of attorney's fees, loss of time, lack of concentration, headaches, frustration, anxiety, emotional distress, humiliation, mental anguish, and fear of using his credit history to seek extension of credit and other areas.

35. Defendant U.S. Bank's conduct provides a basis for statutory and actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

36. Plaintiff is entitled to recover costs and attorney's fees from Defendant U.S. Bank in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants for:

    a. actual damages in an amount to be determined at trial;

    b. statutory and punitive damages in an amount to be determined at trial;

    c. costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681 *et seq.*; and

      d. other and further relief as the Court may deem just and proper.

Dated this <u>10th</u> day of January , 2011.

Respectfully submitted,


By:<u>s/Thomas J. Lyons</u>
**LYONS LAW FIRM P.A.**
Thomas J. Lyons, Esq.
Attorney I.D.: #65699
367 Commerce Court
Vadnais Heights, MN 55127
Telephone: (651) 770-9707
Facsimile: (651) 770-5830
tlyons@lyonslawfirm.com

**CONSUMER JUSTICE CENTER, P.A.**
Trista Roy, Esq.
Attorney I.D.: #0387737
367 Commerce Court
Vadnais Heights, MN 55127
Telephone: (651) 770-9707
Facsimile:(651) 704-0907
tristacjc@aim.com

ATTORNEYS FOR PLAINTIFF

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF FLORIDA           )
                           ) ss
COUNTY OF <u>MARTIN</u>           )

      I, John Baltz, having first been duly sworn and upon oath, deposes and says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

                                              s/John Baltz_____
                                              John Baltz

Subscribed and sworn to before me
this <u>10  st</u> day of January, 2011.


s/Erica Preston_____
Notary Public